Simons, J.
(dissenting). Prior to the enactment of section 14-103 (b) (2) of the Administrative Code of the City of New York, detective assignments in the New York City Police Department embraced a variety of investigative and administrative duties. Because the amendment by its terms provides that a police officer temporarily assigned to the duties of a detective shall, whenever such assignment exceeds 18 months, be appointed detective, the Department undertook a study of the various duties being performed by its detectives to determine which assignments provided the Department with the best opportunity to assess competence for detective duties within the 18-month period. As a result of that study, the Commissioner issued Interim Order 61, providing that only officers assigned to those specific commands primarily involving investigative rather than administrative duties would come within the scope of the amendment.
The majority concludes that Order 61 is void and that all police officers temporarily assigned as detectives for a period of 18 months as of the date of the statute’s enactment, regardless of the duties performed during that period, were entitled to permanent appointment. The Commissioner contends that the statute was not intended to determine what are *216 and what are not detective duties: it was intended to remedy the problem of indefinite appointments. He notes that the statute does not identify the duties of a detective and contends that he, as the administrative head charged with implementing the statute, is entitled to reasonably define and limit those duties which qualify appointees to become permanent detectives. We agree.
The legislative history makes clear that the 1990 amendment to the Administrative Code was enacted to remedy a specific abuse: the widespread practice of assigning police officers to perform for long periods the same duties as detectives, but never endowing them with either the title or the emoluments of the detective position. Indeed, the memorandum in support of the legislation, relied on by the majority (see, majority opn, at 214), addresses the failure to appoint those performing detective duties and states that the practice sought to be corrected was abusive because it undermines "the spirit and intent of th[e] philosophy” underlying the career path concept. The statute speaks only generally of detectives’ duties, without defining them, and nothing in the history preceding its enactment indicates that the Legislature also sought to curtail the discretion traditionally exercised by the Police Commissioner of the City of New York to determine what assignments make up the "career path” from patrol officer to detective in the NYPD.
Identifying and assigning responsibilities for the various ranks in the police department is a matter requiring experience and expertise in the field of law enforcement and since nothing in the statute attempts to define the duties of a detective, the Commissioner, the administrator obliged to appoint those who will become detectives by operation of law after the passage of 18 months, should have the discretion to determine the duties which will fairly test officers’ qualifications for permanent positions. Former Governor Cuomo acknowledged the desirability of reposing such discretion in the Commissioner when, upon vetoing an earlier version of the statute, he noted that requiring the Commissioner to evaluate an officer’s performance after only six months "would reduce the flexibility the Police Commissioner needs to properly staff the Detective Division” (see, 1985 NY Legis Ann, at 349).
Thus, although the Commissioner must comply with the specified "durational requirements” of the amendment, as head of the agency charged with implementing section 14-103 *217 (b) (2) of the Administrative Code, in the absence of any definition or limiting provisions in the statute, he retains the discretion to define "detective duties” for the purposes of that section. Inasmuch as the classifications contained in Order 61 are reasonable and supported by a comprehensive study of the subject, the court should defer to the Commissioner’s expertise and uphold the order (see, Matter of Teachers Ins. & Annuity Assn. v City of New York, 82 NY2d 35, 41).
It may be argued that the Commissioner abused his discretion when he issued Interim Order 61, if the order’s purpose was to circumvent the mandate of the Legislature, but petitioners did not assert a claim based on an abuse of discretion, and the issue is not properly before us today.
Judges Titone, Smith, Levine and Ciparick concur with Judge Bellacosa; Judge Simons dissents in a separate opinion in which Chief Judge Kaye concurs.
Order affirmed, etc.